# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

HASAN JOHNSON                                                          PLAINTIFF

v.                                      CIVIL ACTION NO. 4:18-CV-P136-JHM

HENDERSON COUNTY DETENTION CENTER
TRANSIT POLICE *et al.*                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This is a *pro se* civil rights action brought by a pretrial detainee pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some claims, but allow Plaintiff the opportunity to amend his complaint.

## I. SUMMARY OF COMPLAINT

Plaintiff Hasan Johnson is incarcerated at the Henderson County Detention Center (HCDC). He names the HCDC "Transit Police" and three HCDC officials as Defendants in this in action - "Sgt. McKenzie," "Officer Baker," and "Colonel Hendrix." He indicates that he is suing Defendants McKenzie and Baker in their official capacities only and Defendant Hendrix in both his official and individual capacities.

Plaintiff first seems to allege that from July 2018 until the date he filed the complaint, which was August 14, 2018,[1] he was denied access to his personal property, which included "socks, shoes, boxers, T-shirts, soap, lotion, shampoo, toothpaste, toothbrush, etc." and "phone numbers, legal work, addresses which results to having no clothes, hygienic treatment, no legal

---

[1] Under the prison mailbox rule, the complaint is deemed filed when presented to prison officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack,* 487 U.S. 266 (1988)). Plaintiff certifies that he delivered his complaint to the prisoner mail system for mailing on August 14, 2018, the same date he signed the complaint.

assistance."

Plaintiff then alleges that he was temporarily placed in a cell ("505") which was "directly in front of a open shower that being used all day and all night long." Plaintiff alleges that this constituted "cruel and unusual punishment."

Plaintiff next alleges that he was told to move to "cell 409," where he "would have had to sleep with my head or foot in front of toilet on mattress and bed roll." Plaintiff states that Defendants McKenzie and Baker told him that if he did not stay in "cell 409," he would be placed in a disciplinary cell. Plaintiff indicates that when he asked Defendant McKenzie for a different cell, Defendants McKenzie and Baker:

> grabbed my arms, gripping hard, causing pain me not resisting I felt the need to cover my face put my hands up and forward it looks like punches are being thrown at me (assault by staff or staff officials police brutality). Then the Sgt. and two other officers start yanking me away with my arms out I felt punches him me in the face I then tried to defend myself. But they had my arms from time to time I then felt punches hit me in my face side of face and back of hand. The next thing I know I was in a [illegible] Officers, Sgts., and Lts. as well hit me with cuff shackles, door keys, walkie-talkies as well kicked and punched by Transit Police Officers. Then tasered with volts and pressure on my right leg real hard . . . . So as the result of the matter I sustained a contusion and facial laceration to side of left eye and bruised and darkened eye with bruised and abrasions on my left side of my face, swelling to my face and head.

As relief for these alleged violations of his constitutional rights, Plaintiff seeks compensatory damages.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from

2

such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th

3

Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a § 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Defendant HCDC Transit Police and Official-Capacity Claims

The Court construes Plaintiff's claims against the HCDC Transit Police as being against the HCDC itself. The HCDC, however, is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, it is Henderson County that is the proper defendant in this case. *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself).

Similarly, "official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against the individual Defendants are actually against their employer, which is Henderson County. *See, e.g.*, *Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

4

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not claim that any of the allegedly unconstitutional actions taken against him were the result of a custom or policy implemented or endorsed by Henderson County, as opposed to the decisions of individual officials within the jail. Thus, Plaintiff's claims against the HCDC Transit Police and his official-capacity claims against the individual Defendants will be dismissed for failure to state a claim upon which relief may be granted.

### B. Defendant Hendrix

Although Plaintiff names "Colonel Hendrix" as a Defendant in this action, the complaint contains no allegations against him. "It is axiomatic that a complaint under 42 U.S.C.

§ 1983 must show a causal connection between the named defendants and the alleged constitutional deprivation . . . ." *Cox v. Barksdale*, No. 86-5553, 1986 U.S. App. LEXIS 33615, *2 (6th Cir. Nov. 13, 1986) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984); *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982)). Indeed, the specific facts of the complaint must explain how each defendant is personally responsible for the alleged injuries. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam) (stating that personal involvement by the defendant is an essential element in a § 1983 cause of action asserting a constitutional deprivation).

Thus, because Plaintiff does not make any specific allegations against Defendant Hendrix in the complaint, the Court will dismiss any claims against him for failure to state a claim upon which relief may be granted.

### C. Remaining Claims

While the Eighth Amendment provides an inmate the right to be free from cruel and unusual punishment, it is the Due Process Clause of the Fourteenth Amendment that provides the same protections to pretrial detainees. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (citing *Richko v. Wayne Cty.*, 819 F. 3d 907, 915 (6th Cir. 2016)). "The Sixth Circuit has historically analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Id.* (quoting *Villegas v. Metro Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)). Indeed, at this time, the only explicit exception in the Sixth

Circuit to the general rule that rights under the Eighth Amendment are co-extensive with rights under the Fourteenth Amendment pertains to excessive-force claims brought by pretrial detainees. *Id.* at 938 n.3 (recognizing that *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), abrogated the subjective intent requirement for Fourteenth Amendment excessive-force claims and that the standard which governs pretrial detainee claims may be shifting, but declining to apply the *Kingsley* standard to a pretrial detainee claim of deliberate indifference to a serious medical need).

### 1. Conditions-of-Confinement Claim

Plaintiff next seems to claim that his initial placement in a cell that was "directly in front of a open shower that being used all day and all night long" constituted "cruel and unusual punishment." "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). However, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). "Extreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The Court finds that Plaintiff's allegations regarding the location of his first cell fail to meet this constitutional bar. Thus, the Court will dismiss this claim for failure to state a claim upon which relief may be granted.

### 2. Claims Related to Denial of Access to Personal Property

Plaintiff's final claim seems to be that he was wrongfully denied access to his personal property for the first weeks following his transfer to HCDC. As noted above, Plaintiff alleges

that this property included his "socks, shoes, boxers, T-shirts, soap, lotion, shampoo, toothpaste, toothbrush" and "phone numbers, legal work, addresses which results to having no clothes, hygienic treatment, no legal assistance."

The Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss or destruction of personal property does not state a claim cognizable under the Due Process Clause of the Fourteenth Amendment. *Hudson v. Palmer*, 468 U.S. at 533; *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). In order to assert a constitutional claim for deprivation of property, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation. *See Parratt v. Taylor*, 451 U.S. at 543-44. The law of this Circuit is in accord. For example, in *Vicory v. Walton*, 721 F.2d 1062 (6th Cir. 1983), the Sixth Circuit held that "in § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Id*. at 1066. The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985). Nevertheless, Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation of his personal property. Accordingly, Plaintiff fails to state a Fourteenth Amendment due-process claim for the deprivation of access to his personal property, and this claim will be dismissed.[2]

Moreover, to the extent that Plaintiff is asserting a claim for denial of access to the courts under the First and Fourteenth Amendments based upon an inability to access his legal materials,

---

[2] More specifically, with regard to Plaintiff's allegation that he was denied access to his personal hygiene products, the Court also finds that this claim fails to state a claim upon which relief may be granted because Plaintiff does not allege that he had no access to hygiene products at all or that he was unable to buy such products from the commissary at HCDC.

this claim also fails to state a claim upon which relief may be granted. In order to state a viable claim for interference with access to the courts, a plaintiff must show "actual injury" to pending or contemplated litigation. *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop v. Johnson*, 977 F.2d 996, 1000 (6th Cir. 1992). In other words, a plaintiff must plead and demonstrate that his inability to access certain legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Here, Plaintiff has not alleged that the lack of access to his legal materials actually caused injury to a non-frivolous legal claim. More specifically, he has not suggested that he was prevented from filing a non-frivolous legal claim challenging his conviction, that a non-frivolous claim was lost or rejected, or that the presentation of such a claim is currently being prevented. Accordingly, the Court finds that Plaintiff has failed to allege a cognizable constitutional claim based upon his inability to access to his legal materials.

### 3. Excessive Force and Assault Claims

Plaintiff's allegations also suggest that he seeks to bring constitutional excessive-force claims and state-law assault claims against Defendants McKenzie and Baker. To establish a Fourteenth Amendment excessive-force claim, 'a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable.'" *Kulpa v. Cantea*, 708 F. App'x 846, 851 (6th Cir. 2017) (quoting *Kingsley v. Hendrickson*, 135 S. Ct. at 2473). As written, Plaintiff's complaint fails to state excessive-force claim against these Defendants because he did not sue them in their individual capacities. Thus, these claims are subject to dismissal for failure to state a claim upon which relief may be granted.

9

The Court, however, will allow Plaintiff to amend his complaint to indicate that he is suing Defendants McKenzie and Baker in their individual capacities. *See, e.g.*, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]."). If Plaintiff fails to amend his complaint, Plaintiff's excessive-force claims will be dismissed for failure to state a claim upon which relief may be granted, and his state-law assault claims will be dismissed without prejudice.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claims against the HCDC Transit Police, Defendant Hendrix, and his official-capacity claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. **IT IS FURTHER ORDERED** that Plaintiff's claims based upon his conditions of confinement and the deprivation of his personal property are also **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**The Clerk of Court is DIRECTED to terminate Defendants HCDC Transit Police and Defendant Hendrix as parties to this action.**

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff may amend his complaint to indicate that that he is suing Defendants McKenzie and Baker in their individual capacities**.

The Clerk of Court is **DIRECTED** to send Plaintiff a copy of the second page of his complaint so that he can indicate that he would like to sue Defendants McKenzie and Baker in their individual capacities.

**Plaintiff is WARNED that should he fail to return the second page of his complaint within 30 days indicating that he is suing Defendants McKenzie and Baker in their individual capacities, the Court will enter an Order dismissing this action for the reasons stated herein**.

Date: March 11, 2019

*Joseph H. McKinley Jr., District Judge*
United States District Court

cc: Plaintiff, *pro se*
     Defendants
     Henderson County Attorney
4414.011