UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

HASAN JOHNSON                                                                  PLAINTIFF

v.                                                CIVIL ACTION NO. 4:18-CV-P136-JHM

HENDERSON COUNTY DETENTION
CENTER *et al.*                                                   DEFENDANTS

**MEMORANDUM OPINION**

While an inmate at the Henderson County Detention Center (HCDC), Plaintiff Hasan Johnson filed this *pro se* action pursuant to 42 U.S.C. § 1983. By Memorandum Opinion and Order entered March 13, 2019 (DN 12), the Court conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915A(b)(1) and dismissed the federal claims for failure to state a claim upon which relief may be granted and provided him with an opportunity to file an amended complaint to sue Defendants McKenzie and Baker in their individual capacities. The Court advised Plaintiff that failure to amend the complaint within 30 days would result in the entry of an order dismissing for the reasons stated therein. On April 12, 2019, the copy of the Memorandum Opinion and Order mailed to Plaintiff was returned to the Court by the United States Postal Service with a label on the returned envelope indicating "Return To Sender, Attempted – Not Known, Unable to Forward" and a stamp indicating "No Longer At This Facility" (DN 13).

Rule 41(b) authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "Further, the United States Supreme Court has recognized that

courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Well over 30 days have passed without Plaintiff providing any notice of an address change. The Court, therefore, concludes that Plaintiff has abandoned any interest in prosecuting this case and that dismissal is warranted. *See, e.g.*, *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) ("[Plaintiff's] complaint was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address.").

Therefore, the Court will enter a separate Order dismissing this action for the reasons set forth in the Court's prior Memorandum Opinion and Order and for failure to prosecute.

Date: June 6, 2019

Joseph H. McKinley Jr., District Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendants
     Henderson County Attorney
4414.005